**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4780**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FITZROY GUNTER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Richard D. Bennett, District Judge. (CR-01-514-RDB)

Submitted: April 19, 2004          Decided: April 29, 2004

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Daniel W. Stiller, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, David I. Salem, Barbara S. Skalla, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Fitzroy Gunter appeals his convictions for unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), marijuana possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2000), and aiding and abetting marijuana possession with intent to distribute, in violation of 18 U.S.C. § 2 (2000).

On appeal, Gunter asserts the district court erred in denying his motion to suppress evidence seized from his residence, based on the circumstances of his consent to the search. We review a district court's legal conclusions underlying a suppression determination de novo, and its factual determinations for clear error. United States v. Sterling, 283 F.3d 216, 218 (4th Cir. 2002).

First, Gunter asserts his consent to the search of his residence exposed him only to liability for violations of state law, not federal law. This argument is meritless. See generally United States v. Boone, 245 F.3d 352, 362 (4th Cir. 2001); see also Florida v. Jimeno, 500 U.S. 248, 251 (1991).

Second, Gunter asserts his consent resulted from a custodial interrogation that took place before the police advised him of his rights. The district court rejected Gunter's assertion based on testimony from the arresting police officer, and the court's credibility determination is not subject to appellate

review.  See, e.g., <u>United States v. Beidler</u>, 110 F.3d 1064, 1067 (4th Cir. 1997).

Accordingly, we affirm Gunter's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>